UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE FERMIN MARQUEZ PORTILLO,

Petitioner,

v.

JEREMY CASEY; MARKWAYNE
MULLIN; DAVID J. VENTURELLA;
and TODD BLANCHE,

Respondents.

Case No.: 3:26-cv-4390-JES-BJW

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Jose Fermin Marquez Portillo's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a response. ECF Nos. 4, 5.

Petitioner is a native of El Salvador who came to the United States in July 2024. ECF No. 1 ¶ 24. He was detained upon entry, but was subsequently released on his own recognizance on July 30, 2024. *Id.* ¶ 25; ECF No. 1-2. From that date through June 28, 2026, he alleges that he remained at liberty within the United States, complying with the conditions of his release and without any allegation that he posed any danger to the community or was a flight risk. *Id.* ¶¶ 26-27. On June 28, 2026, Petitioner was stopped by ICE officers while he was driving home from shopping in Miami, Florida. *Id.* ¶ 28.

1

Petitioner alleges that Respondents did not provide him with any prior notice that his liberty would be revoked, no individualized explanation for his re-detention, and no opportunity to contest the revocation of his liberty before a neutral decisionmaker. *Id.* ¶ 29. He has since been transferred to the Imperial Detention Facility in Calexico, California, where he is currently detained.

In their return, Respondents acknowledge that Petitioner had previously been released on conditional parole pursuant to 8 U.S.C. § 1226(a). ECF No. 5 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.*

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in July 2024. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **August 14, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Honorable James E. Simmons Jr.
United States District Judge

2